OPINION
{¶ 1} Defendant-appellant, Joshua D. Ingold, appeals from a judgment of conviction entered in the Franklin County Court of Common Pleas following his no contest plea to 21 counts of pandering obscenity involving a minor and 21 counts of pandering sexually-oriented matter involving a minor. Because the trial court properly denied appellant's motion to suppress evidence obtained during a police search of his home, we affirm. *Page 2 
 {¶ 2} Appellant was indicted on 21 counts of pandering obscenity involving a minor in violation of R.C. 2907.321 and 21 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322, all felonies of the fourth degree. The charges arose from the seizure of child pornography from appellant's residence, and in particular, from his computer located within his residence, during a search by law enforcement officers pursuant to a search warrant issued by a judge of the Franklin County Municipal Court. Appellant initially pled not guilty to each count in the indictment. He subsequently filed a motion to suppress the evidence obtained during the search of his home. Appellee, State of Ohio, did not file a written response to appellant's motion. Following a hearing, the trial court overruled the motion to suppress. Thereafter, appellant pled no contest to all 42 counts in the indictment.[1] The trial court found appellant guilty, determined him to be a sexually oriented offender, and sentenced him in accordance with law.
 {¶ 3} Appellant appeals from his conviction and assigns two errors for our review:
 The Trial Court erred as a matter of law in overruling Appellant's motion to suppress where the search warrant was invalid because the affidavit upon which the search warrant was based [contained] stale information which failed to establish probable cause to believe that images of child pornography would be found on Appellant's computer.
 The Trial Court erred as a matter of law in overruling Appellant's Motion to Suppress because the information relayed by the confidential anonymous source did not establish probable cause to obtain a search warrant for Appellant's home. *Page 3 
 {¶ 4} As both of appellant's assignments of error challenge the trial court's overruling of his motion to suppress, we will consider them jointly. Appellant contends that the search warrant issued by the municipal court judge was invalid because the supporting affidavit submitted by law enforcement did not establish probable cause justifying the search of his residence and computer, as the affidavit contained stale information and unsubstantiated hearsay from a "confidential anonymous source."
 {¶ 5} Appellant's argument is premised upon the Fourth Amendment to the United States Constitution, which prohibits unreasonable searches and seizures, and provides that "* * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Accordingly, in order for a search warrant to be properly issued there must exist probable cause which is supported by oath or affirmation.
 {¶ 6} In State v. George (1989), 45 Ohio St.3d 325, the Supreme Court of Ohio set forth the test for determining whether probable cause exists in an affidavit for a search warrant:
 In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Illinois v. Gates [1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)
Id. at paragraph one of the syllabus. *Page 4 
 {¶ 7} Further, the George court enunciated the standard of review to be employed by reviewing courts:
 In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates [1983], 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)
Id. at paragraph two of the syllabus.
 {¶ 8} Thus, our task, as a reviewing court, is to review the affidavit supporting the search warrant to determine whether it demonstrates a "substantial basis" for the issuing judge to have found a "fair probability" that the contraband, i.e., child pornography, would be discovered during a search of appellant's residence. Our review of this case is hampered, however, because the record transmitted on appeal does not include the search warrant or the affidavit submitted in support of the search warrant. A review of the suppression hearing transcript, which is included in the record, reveals that the parties and the court discussed the contents of the affidavit, and the trial court states in its written decision that it "considered the testimony provided, and * * * thoroughly reviewed the Search Warrant Affidavit." (Mar. 1, 2007 "Decision and Entry Overruling Motion to Supress [sic] Fruits of an Unconstitutional Search and Seizure"). However, neither the *Page 5 
search warrant nor the supporting affidavit were read into the record or admitted as evidence before the trial court.
 {¶ 9} Upon review, a court of appeals is confined to the record before it. App.R. 12(A)(1)(b). Appellant has the burden of demonstrating prejudicial error by reference to the matters in the record. State v.Fugate, Green App. No. 2006 CA 111, 2007-Ohio-6589, at ¶ 12. Without the search warrant and the affidavit submitted in support of the search warrant, or without testimony adduced at the suppression hearing reciting the information contained in the warrant and affidavit, we cannot properly review the issuing judge's determination. See State v.Dooloukas (Jan. 25, 1994), Adams App. No. 555; State v. Conley (Nov. 7, 1997), Montgomery App. No. 16216; State v. Crockett (Mar. 6, 1996), Lawrence App. No. 94 CA 24 (Stephenson and Kline, JJ., concurring). Accordingly, we must presume the validity of the trial court proceedings because there is no record evidence before us upon which to evaluate appellant's argument. Fugate, supra, at ¶ 12-13. Therefore, appellant's first and second assignments of error are overruled.
 {¶ 10} For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
[1] The trial court's March 1, 2007 decision and entry erroneously states that appellant entered "an `Alford' plea of guilty" to all 42 counts. *Page 1